# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                          **Case No. 2:26-cr-11-KCD-KRH**

**VINCENT ANTHONY PRINCIPE,**

      **Defendant.**

_____/

## DEFENDANT'S SENTENCING MEMORANDUM
## AND REQUEST FOR DOWNWARD VARIANCE

The Defendant, Vincent Anthony Principe, by and through his undersigned attorney, hereby files this motion to this Honorable Court in the above-styled cause, respectfully requesting a downward variance to a sentence of 300 months, and as grounds therefore states the following:

## BACKGROUND

On November 21, 1970, Mr. Principe was born in Providence, Rhode Island. PSR ¶ 57. His parents divorced within a year of his birth. *See id.* His father suffered from paranoid schizophrenia, and passed away from heart failure at the age of 55. *See id.* His parents divorced because Mr. Principe's father had a mental breakdown and was physically abusive to his mother. PSR ¶ 59.

Mr. Principe had an average childhood.  PSR ¶ 60.  His basic needs were met by his mother and stepfather.  *See id.*  Mr. Principe, however, had few friends and was bullied as a child.  *See id.*  His mother advised Dr. Scot Machlus, whose mental health evaluation of Mr. Principe is attached as Exhibit "A", that she knew something was very wrong very early on.  Forensic Psychological Evaluation Report by Dr. Scot Machlus, Dated June 12, 2026, pg. 9.  Mr. Principe had language delays, would say inappropriate things, and had no friends.  *See id.*  Mr. Principe was eventually diagnosed with Asperger's Syndrome.  PSR ¶ 66.  Dr. Machlus explains that Asperger's is now considered under the umbrella of autism spectrum disorder.  *See* Forensic Psychological Evaluation Report by Dr. Scot Machlus, Dated June 12, 2026, pg. 10.  Dr. Machlus diagnosed Mr. Principe with Autism Spectrum Disorder and Major Depressive Disorder.  *See id.*

Mr. Principe spent significant amounts of time committed at mental health hospitals in Massachusetts.  First, he was committed at Bridgewater State Hospital from 1999 through 2003.  *See id.* at 9.  Second, he was committed at the Westboro hospital from approximately 2006 through 2009 before stepping down to a halfway house and then community housing in 2009.  *See id.*  He has not received treatment since then—although he had an evaluation at Sturdy Memorial Hospital in 2011 after suffering from suicidal ideation.  *See id.*  He has continuously been on social security disability.  *See id.; See also* PSR ¶ 65.

<u>**MEMORANDUM OF LAW**</u>

**I.     <u>SENTENCING GUIDELINES</u>**

The United States Probation Office believes that Mr. Principe's total adjusted offense level 43, criminal history category II.  PSR ¶ 81.  Mr. Principe's advisory sentencing guideline range would be 360 months (which is the maximum rather than life).  *See id.*  Mr. Principe objects to United States Probation's calculation of the advisory sentencing guideline range.  Specifically, there is no evidence that a minor victim was in the custody, care, or supervisory control of the defendant, which is required under the enhancement pursuant to USSG § 2G2.1(b)(5).  The minor was the relative of the defendant's girlfriend.  Mr. Principe did not ever have supervisory control of the minor.  The minor, accompanied by her relative, briefly stayed with Mr. Principe, and the minor was never in his custody.  Therefore, the Offense Level should be 42, Criminal History Category II, for a sentencing range of 360 months.

**II.    <u>REQUEST FOR A LOW END SENTENCE</u>.**

**A.     <u>*Booker* and 3553 Factors</u>.**

In the aftermath of *United States v. Booker*, 543 U.S. 220 (2005), the Eleventh Circuit adopted a two-step sentencing procedure in *United States v. Tally*, 431 F.3d 784, 786 (11th Cir. 2005).  "First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines.  *Id.* (*citing United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005).  Second, the Court must consider the factors enumerated at 18 U.S.C. § 3553(a).  *Id.*

As explicitly recited by *Talley*, *supra*, and as further delineated in *Rita v. United States*, 551 U.S. 338, 364-65 (2007), the § 3553(a) factors are:

(1)   The nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   The need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3)   The need for deterrence;

(4)   The need to protect the public;

(5)   The need to provide the defendant with necessary educational training, vocational training and medical care;

(6)   The kinds of sentences available;

(7)   The Sentencing Guideline range;

(8)   Pertinent policy statements of the Sentencing Commission;

(9)   The need to avoid unwarranted sentencing disparities; and

(10)  The need to provide restitution to victims.

"The statute, as modified by *Booker*, contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to achieve the goals of sentencing[.]"  *Kimbrough*, 552 U.S. 85, 101 (2007); *See United States v. Pugh*, 515 F.3d 1179, 1188-89 (11th Cir. 2008) (3553(a) factors guide the district court's sentence and the appellate court's review of that sentence); *United States v. Onofre-Segarra*, 126 F.3d 1308, 1309 (11th Cir. 1997) *cert. denied* 522 U.S. 1142 (1998). "In sum, while the statute still requires the Court to give respectful consideration to the Guidelines (cites deleted), *Booker* 'permits the Court to tailor the sentence in light

of other statutory concerns as well."' *Kimbrough, supra* (*quoting Booker*, 543 U.S. at 245-46); *United States v. Williams*, 435 F.3d 1350, 1354 n.2 (11th Cir. 2006).

> **B.**     **The History and Characteristics of Mr. Principe, the Need for Punishment, the Need for Deterrent, and the Need to Rehabilitate Necessitate a Sentence of Three Hundred Months.**

Mr. Principe has suffered from Asperger's his entire life. *See* <u>Forensic Psychological Evaluation Report by Dr. Scot Machlus, Dated June 12, 2026,</u> pg. 10. He has spent a significant amount of time committed to mental hospitals as a result his condition and other underlying conditions. *See id.* at 9. His father suffered from paranoid schizophrenia. PSR ¶ 57. Mr. Principe is 55 years old. A sentence of 25 years will provide sufficient punishment and deterrent. More importantly, he needs substantial mental health treatment. Twenty-Five years will give the Bureau of Prisons plenty of time to treat his underlying conditions. He will be a very old man when he is released from prison, but he is a mentally ill man, who can be treated. The sentenced should incorporate the mental health conditions that Mr. Principe has suffered with his entire life.

## III.     Conclusion.

For the foregoing reasons, a sentence of 300 months would be sufficient, but not greater than necessary sentence.

Respectfully submitted,

Charles J. Pritchard
Federal Defender
Middle District of Florida

/s/ *G. Ellis Summers Jr.*
G. Ellis Summers, Jr.
Florida Bar No.0815691
Assistant Federal Defender
2075 West First Street, Suite 300
Ft. Myers, Florida 33901
Telephone: 239-334-0397
Fax:  239-334-4109
E-Mail: ellis_summers@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of June, 2026, the foregoing was electronically filed with the Clerk of Court and a copy will be sent electronically to McKenzie Hightower, Trial Attorney, U.S. Department of Justice, Criminal Division Child Exploitation & Obscenity Section, 1301 New York Avenue NW, Washington, DC 20005 and Yolande G. Viacava, Assistant United States Attorney, 2110 First Street, Fort Myers, FL 33901.

/s/ *G. Ellis Summers Jr.*
G. Ellis Summers, Jr.
Assistant Federal Defender

6